AUSA Kevin Kelley
03/24/2024

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| United States of America | ) |
| --- | --- |
| v. | ) |
| Andrea CELAYA-RODRIGUEZ | ) Case No. 2.24.MJ.159 |
| | ) |
| | ) |
| | ) |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of 03/22/2024 in the county of Madison in the Southern District of Ohio, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 21 USC Section 841(a)(1) | Possession with Intent to Distibute a Detectable Amount of Cocaine |

This criminal complaint is based on these facts:
See attached affidavit, which is incorporated by reference.

☑ Continued on the attached sheet.

_William Jake VonEssen_
Complainant's signature

William Jake VonEssen Special Agent
Printed name and title

Sworn to before me and signed in my presence.
VIA FACETIME
Date: March 25, 2024

_Elizabeth Preston Deavers_
Judge's signature

City and state: Columbus, Ohio

Elizabeth A. Preston Deavers, U.S. Magistrate
Printed name and title

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, William VonEssen, being duly sworn depose and state,

## INTRODUCTION

1. I am a Special Agent with the Drug Enforcement Administration (DEA), and have been since January of 2022. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516. I am empowered to investigate, make arrests with or without warrants, and execute search warrants under the authority of 21 U.S.C. § 878. I hold a Bachelor's Degree in Aerospace from Middle Tennessee State University. The following represents my training and experience:

    a. I have completed the DEA Basic Agent Training Academy, which is a 17-week course in Quantico, VA that includes (but is not limited to) training in the following areas: surveillance, undercover operations, report writing, confidential source management, drug identification, legal principles, search warrant operations, case initiation and development, interview and interrogation, defensive tactics, physical training, and firearms proficiency. I continue to receive training on a daily basis by conducting criminal drug investigations and drawing from the expertise of agents more experienced than myself.

    b. As a DEA Special Agent, my experience also includes participating in criminal arrests, conducting physical surveillance, trash seizures, searching for evidence during court-authorized search warrants, and authoring search warrants as well as subpoenas.

    c. I have completed the DEA's Money Laundering Seminar, which is a three-day course in Quantico, VA that included training in the following areas: common money laundering schemes, money laundering techniques, the relationship between drug trafficking and terrorism financing, Chinese money laundering, utilization of the Financial Crimes Enforcement Network (FINCEN), specific money laundering violations (structuring, bulk cash smuggling, avoiding reporting requirements, international money laundering, etc.), virtual currency money laundering, and asset identification/tracing.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from myself, other agents, and law enforcement officers. This affidavit is intended to show merely that there is sufficient probable cause and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

3. On March 22, 2024, members of the Ohio State Highway Patrol (hereinafter referred to as OSHP) were conducting routine traffic control on Interstate 70. The Troopers were focusing on the eastbound traffic flow in Madison County, Ohio. A Trooper observed the driver, later identified as Andrea CELAYA-RODRIGUEZ, commit multiple traffic violations in a Penske box truck. The Trooper conducted a traffic stop on box truck on Interstate 70 near mile marker 80 in Madison County, Ohio. CELAYA-RODRIGUEZ was identified as the driver and the sole occupant in the vehicle.

4. During the course of the traffic stop, the OSHP deployed a drug-sniffing K-9 to conduct a free-air sniff of the vehicle. The K-9 gave a positive alert to the odor of drugs emerging from the box truck. The Troopers conducted a probable cause search of the box truck as

a result. During the search, Troopers acquired, from the cargo area of the box truck, fifty 'brick shaped' packages of white powder contained in duffel bags. CELAYA-RODRIGUEZ was detained, read her Miranda rights, and transported to the OSHP West Jefferson Post along with the box truck.

5. On the same day, investigators with the DEA Columbus District Office (CDO) arrived at the OSHP West Jefferson Post. Investigators conducted two field tests from different 'bricks' that were seized from the Penske box truck and both field-tested positive for the presence of cocaine. Investigators noted that the bricks were packaged in a manner consistent with kilogram quantities of cocaine. Such as that many of them were tightly wrapped with plastic and/or wrapped with tape, along with many of them being vacuum-sealed and marked with symbols or writing. The approximate gross weight of the suspected cocaine was found to be 58.62 kilograms.

6. CDO investigators read CELAYA-RODRIGUEZ her Miranda rights, CELAYA-RODRIGUEZ waived these rights both verbally and by signing a Miranda rights waiver. CELAYA-RODRIGUEZ also signed a declination to have the interview audio and video recorded. CELAYA-RODRIGUEZ admitted to knowing the 50-kilogram packages were cocaine. CELAYA-RODRIGUEZ self-confessed she tried to conceal and hide the cocaine packages by purchasing furniture to make it appear that she was transporting larger items. CELAYA-RODRIGUEZ admitted to placing the cocaine into the duffle bags and into the box truck prior to her departure. CELAYA-RODRIGUEZ admitted that she could have been paid approximately $50,000 for the successfully delivery of the 50 packages of cocaine.

7. Based upon my training, experience and my review of the evidence gathered by agents and other investigators assigned to this investigation, there is probable cause to believe Andrea CELAYA-RODRIGUEZ has violated 21 U.S.C 841(a)(1) Possession with the Intent to Distribute Cocaine. This affidavit is in support of a request for the issuance of a Federal complaint and Arrest Warrant for CELAYA-RODRIGUEZ.

William Jake VonEssen
Special Agent
Drug Enforcement Administration

Subscribed and sworn before me this 25th day of March, 2024.

Honorable Elizabeth A. Preston Deavers
United States Magistrate Judge
Southern District of Ohio